**Fred PARKER, Petitioner–Appellant,**

v.

**George B. DUNCAN, Superintendent of Great Meadow Correctional Facility, Respondent–Appellee.**

No. 04–0562–pr.

United States Court of Appeals, Second Circuit.

Nov. 28, 2007.

Steven A. Feldman, Feldman and Feldman, Uniondale, N.Y., for Petitioner–Appellant.

Emil Bricker, Assistant District Attorney, for Richard A. Brown, District Attorney for Queens County (John M. Castellano, Assistant District Attorney, of counsel), Kew Gardens, N.Y., for Respondent–Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Fred Parker appeals from an October 15, 2003 order of the United States District Court for the Eastern District of New York (Gershon, J.) denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the facts and procedural history of the case.

Appellant contends for the first time in this appeal that the evidence presented in his state murder trial was insufficient to convict him of depraved-indifference murder because it tended to show only intentional murder. Even if we assume that this issue, not having been raised in the state courts or in the district court, may properly be heard here, this claim is without merit. "[W]here both intentional and depraved indifference murder were charged in one-on-one shootings or knifings, these counts were submitted to the jury for it to sort out the defendant's state of mind unless there was absolutely no evidence whatsoever that the defendant might have acted unintentionally." *Policano v. Herbert,* 7 N.Y.3d 588, 600–01, 825 N.Y.S.2d 678, 859 N.E.2d 484 (2006); *see also Policano v. Herbert,* 507 F.3d 111 (2d Cir.2007) (applying the New York Court of

Appeals' *Policano* decision to instruct the district court to deny a habeas petition in a case very similar to this one). Here, Appellant's own confession, in which he described firing his gun while running away in fear, constituted some evidence that he may have acted unintentionally, and thus suffices for us to AFFIRM the judgment of the district court.